# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR SANCHEZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1736 |
| | § | |
| PROPERTY AND CASUALTY, | § | |
| INSURANCE COMPANY OF | § | |
| HARTFORD and IRENE BERNARDO, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Property and Casualty Insurance Company of Hartford's ("Hartford") Motion for Protective Order [Doc. # 26] ("Motion"). Plaintiff Hector Sanchez ("Sanchez") filed a response [Doc. # 33] and further correspondence with the Court [Docs. # 34, # 35]. The Court held a hearing on Hartford's Motion on December 8, 2009, and ordered the Motion held in abeyance pending the Court's *in camera* review of the documents Hartford seeks to protect in this discovery dispute. Having reviewed those documents, the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that the Motion should be **denied.**

## I.     BACKGROUND

Sanchez seeks production from Hartford of the claim file pertaining to Sanchez's claim for damage to his home arising out of Hurricane Ike. The crux of this dispute is that Sanchez's counsel also seeks "shared discovery." In other words, Sanchez's counsel seeks to to use this information not just in the instant litigation but also in other cases. Hartford opposes this shared discovery, and has moved for the entry of a protective order preventing the disclosure outside this litigation of documents it claims contain confidential and proprietary commercial information and trade secrets.

## II.    LEGAL STANDARD

"A party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal." *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). However, the Federal Rules of Civil Procedure empower a district court to limit the use of discovered documents or information. FED. R. CIV. P. 26(c); *Harris*, 768 F.2d at 684. For good cause, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26(c)(1)(G).

"[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir.1978)).  A party resisting discovery under Federal Rule of Civil Procedure 26(c)(1)(G) "must first establish that the information sought is a trade secret or other confidential information and then demonstrate that its disclosure would cause an identifiable, significant harm." *Stone Connection, Inc. v. Simpson*, 2008 WL 1927033, at *1 (E.D. Tex. Apr. 28, 2008) (citing *Occidental Chemical Corp. v. Louisiana Public Service Commission,* 2008 WL 566833, at *2 (M.D. La. Feb. 29, 2008); *see also* 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2043 (1970) ("Besides showing that the information qualifies for protection, the moving party must also show good cause for restricting dissemination on the ground that it would be harmed by its disclosure.").  The district court has broad discretion in determining whether to grant a motion for a protective order. *Harris*, 768 at 684.

### III.   ANALYSIS

Hartford has failed to meet its burden to show the necessity of the issuance of a protective order in this case.  Hartford's Motion, and the sparse information contained in the adjusting and underwriting documents from Sanchez's file, do not

establish that these documents contain any proprietary or confidential information outside this particular case. The documents do not reveal how Hartford does business generally, how it trains or guides its employees and adjusters to adjust claims, or how it prices or underwrites coverage. Moreover, Hartford has not articulated, or demonstrated factually, that any specific harm will flow from allowing Sanchez's counsel to use these documents in other cases. Hartford thus has failed to to show that the disputed documents qualify for protection or that it would be harmed by disclosure.[1]  *See Simpson*, 2008 WL 1927033 at *1. Hartford has not met its burden to make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" that there is good cause for the court to grant the motion for protective order, and the motion is accordingly denied. *See In re Terra Int'l*, 134 F.3d at 306.

## III.   CONCLUSION

In sum, the Court's review of the documents in issue and other matters of record reveals no information that requires protection from disclosure in this or other

---

[1]   Hartford cites to several unpublished district court opinions from other circuits to support its position that the claims and underwriting information at issue here is entitled to protection. *See* Motion, at 4-5. In the cases cited by Hartford, the courts found that insurer's manuals, guidelines, or procedures were entitled to protection. *See*, *e.g.*, *Cohen v. Metropolitan Life Ins. Co.*, 2003 WL 1563349 (S.D.N.Y. Mar. 26, 2003) (finding that the "Best Practices Manual" and "Claims Management Guidelines" of the defendant insurer were entitled to protection). However, the disputed documents in the case at bar do not contain such information. Hartford's reliance on these authorities is unpersuasive.

cases. However, the Court notes that this Memorandum and Order does not address the right of Plaintiff Sanchez (or other insureds) to maintain the confidentiality of his own information or to decline to permit counsel's disclosure or use in other cases of documents concerning the insured. It is therefore

**ORDERED** that Hartford's Motion for a Protective Order [Doc. # 26] is **DENIED**. It is further

**ORDERED** that the parties will submit by **January 13, 2010**, a protective order consistent with this Memorandum and Order. It is further

**ORDERED** that Sanchez's counsel is required to show Sanchez this Memorandum and Order and to obtain from him express written, informed consent before sharing his information with others or using it in other cases.

SIGNED at Houston, Texas, this **7th** day of **January, 2010**.

_____
Nancy F. Atlas
United States District Judge